# EXHIBIT B

## 1885CV01181 Vanderburgh House, LLC vs. MPD Properties, LLC

- Case Type
- Torts
- Case Status
- Open
- File Date
- 08/02/2018
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Tortious Action
- Status Date:
- 08/02/2018
- Case Judge:

- Next Event:

All Information    Party    Event    Tickler    Docket    Disposition

### Party Information

**Vanderburgh House, LLC**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | - Tine, Esq., Andrew J |
| | - Bar Code |
| | - 633639 |
| | - Address |
| | - Law Offices of Andrew J. Tine |
| | 18 Maple Ave |
| | Suite 267 |
| | Barrington, RI 02806 |
| | - Phone Number |
| | - (401)396-9002 |

More Party Information

**MPD Properties, LLC**
- Defendant

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | - Finnegan, Esq., Robert |
| | - Bar Code |
| | - 556661 |
| | - Address |
| | - Law Office of Robert Finnegan |
| | 60 Leo Birmingham Pkwy 3rd Floor |
| | Brighton, MA 02135 |
| | - Phone Number |
| | - (617)201-9331 |

More Party Information

### Events

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 08/09/2018 02:00 PM | Civil B | WOR-4th FL, CR19 (SC) | Hearing for Real Estate Attachment | Ritter, Hon. William J | Decision rendered |
| 08/16/2018 02:00 PM | Civil B | WOR-4th FL, CR19 (SC) | Hearing for Real Estate Attachment | Ritter, Hon. William J | Not Held |

### Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 08/02/2018 | 10/31/2018 | 90 | |
| Answer | 08/02/2018 | 11/30/2018 | 120 | |
| Rule 12/19/20 Served By | 08/02/2018 | 11/30/2018 | 120 | |
| Rule 12/19/20 Filed By | 08/02/2018 | 12/31/2018 | 151 | |
| Rule 12/19/20 Heard By | 08/02/2018 | 01/29/2019 | 180 | |
| Rule 15 Served By | 08/02/2018 | 11/30/2018 | 120 | |
| Rule 15 Filed By | 08/02/2018 | 12/31/2018 | 151 | |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Rule 15 Heard By | 08/02/2018 | 01/29/2019 | 180 | |
| Discovery | 08/02/2018 | 05/29/2019 | 300 | |
| Rule 56 Served By | 08/02/2018 | 06/28/2019 | 330 | |
| Rule 56 Filed By | 08/02/2018 | 07/29/2019 | 361 | |
| Final Pre-Trial Conference | 08/02/2018 | 11/25/2019 | 480 | |
| Judgment | 08/02/2018 | 08/03/2020 | 732 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|-------------|-------------|---------------|
| 08/02/2018 | Attorney appearance<br>On this date Andrew J Tine, Esq. added for Plaintiff Vanderburgh House, LLC | |
| 08/02/2018 | Case assigned to:<br>DCM Track F - Fast Track was added on 08/02/2018 | |
| 08/02/2018 | Original Verified civil complaint filed. | 1 |
| 08/02/2018 | Civil action cover sheet filed. | 2 |
| 08/02/2018 | Plaintiff Vanderburgh House, LLC's   Motion for<br>Real Estate Attachment | 3 |
| 08/02/2018 | Vanderburgh House, LLC's  Memorandum in support of<br>Motion for Real Estate Attachment | 3.1 |
| 08/02/2018 | Plaintiff Vanderburgh House, LLC's   Motion for<br>Short Order of Notice on Motion for Real Estate Attachment | 4 |
| 08/02/2018 | Endorsement on Motion for Short Order of Notice on Motion for Real Estate Attachment (#4.0): Summons and Order of Notice to issue<br>Returnable 8/9/18 @ 2:00pm in Room 19<br><br>Judge: Ritter, Hon. William J | |
| 08/09/2018 | Decision rendered on matter taken under advisement:  Hearing for Real Estate Attachment scheduled on:<br>    08/09/2018 02:00 PM<br>Has been: Decision rendered     For the following reason: Request of Plaintiff<br>Hon. William J Ritter, Presiding<br>Appeared:<br>Staff:<br>    Gail Dempsey, Assistant Clerk Magistrate | |
| 08/09/2018 | Plaintiff Vanderburgh House, LLC's   Motion for<br>continuance of real estate attachment hearing set for August 9, 2018 | 5 |
| 08/16/2018 | Event Result::  Hearing for Real Estate Attachment scheduled on:<br>    08/16/2018 02:00 PM<br>Has been: Not Held     For the following reason: Request of Plaintiff<br>Comments: Counsel withdrew motion to reserve with correctly named parties<br>Hon. William J Ritter, Presiding<br>Appeared:<br>Staff:<br>    Gail Dempsey, Assistant Clerk Magistrate | |
| 08/16/2018 | Opposition to Plaintiff's Motion for a Real Estate Attachment filed by MPD Properties, LLC<br>Filed in Court | 6 |
| 08/16/2018 | Attorney appearance<br>On this date Robert Finnegan, Esq. added for Defendant MPD Properties, LLC | |
| 08/22/2018 | Amended: with - CJ (first) amended complaint filed by Vanderburgh House, LLC | 7 |
| 08/30/2018 | Service Returned for<br>Defendant MPD Properties, LLC: Service through person in charge / agent; | 8 |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Pending | | |

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

WORCESTER SUPERIOR COURT
CIVIL ACTION № 1885-CV-01181 B

|  |  |
|---|---|
| VANDERBURGH HOUSE, LLC, <br>     Plaintiff, <br><br> v. <br><br> MPD PROPERTIES, LLC, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## <u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S<br>MOTION FOR A REAL ESTATE ATTACHMENT</u>

### <u>SUMMARY</u>

Presumptive Defendant MPD Properties LLC ("MPD") makes this limited

appearance pursuant to M.R.Civ. R. 4.1(c) and submits this Opposition to Plaintiff's Motion

For a Real Estate Attachment *"against the real property owned by the Defendant MPD*

*Properties, LLC in Middlesex County"* which is premised upon the Plaintiff's allegations of

discrimination in violation of both state and federal law.   This Motion is property denied

because:

- Upon information and belief there is no Massachusetts LLC named ***MPD Properties, LLC*** and therefore no real estate available for attachment;

Assuming for the limited purposes of this motion that intended Defendant is MPD

Properties LLC (no comma) and in the interest of Judicial economy to the avoid any future

hearing on an amended motion, the Plaintiff's Motion fairs no better since:

2

- MPD owns no real property in Middlesex County or elsewhere;

- the Plaintiff has no likelihood of obtaining judgment because at no time did MPD discriminate against anyone instead taking the action in the ordinary course of denying the application of an uncooperative and financially unqualified lease guarantor Vanderburg House, LLC; and

- the Plaintiff's own actions further support MPD's position in that the Plaintiff's deliberate and intention misrepresentation of their intended use of the Premises (defined below) as a boarding house, which remained unrevealed until the time of rejection, would have caused a potentially illegal use of the Premises by increasing the current zoning non-conformity thereby jeopardizing the existing grandfathered legal pre-existing non-conforming use.

For these reasons, as more fully set forth below, the presumptive Defendant MPD Properties LLC respectively requests that this Court deny the Plaintiff's Motion for Real Estate Attachment.

## FACTS

MPD Properties LLC "(MPD)" is a real estate is a real estate management company in its infancy having only been created in January 2017.   Michael Sramowicz is one of the Members of MPD and runs its day-to-day operations (see his affidavit attached hereto as Exhibit № 1).  MPD holds title to no real estate in Middlesex County, Massachusetts.   A search of the corporate records of the Massachusetts Secretary of State's Office failed to identify an entity named MPD Properties, LLC as named throughout the Plaintiff's Verified Complaint, Motion to Attach, and other filings.

267-273 W. Sixth Street, Lowell, Massachusetts (the "Premises") is a 4-unit apartment building managed by MPD.    In the Spring of 2018 Hunter Foote, on behalf of himself, the Plaintiff, and several additional entities[1] expressed interest in the two units which were slated to be available for rent in the weeks ahead.    Foote communicated both directly and via his broker who in turn corresponded with MPD's broker who in turn spoke with MPD.    As a result of these communications, MPD came to understand that Foote's intention was to place 2-3 disabled individuals into each of the available units.    These individuals would sign a 1-year lease and Foote, either individually and/or in his corporate capacity via the Plaintiff, would stand as the guarantor for each tenancy.    MPD further was advised that the tenants would be blind and/or deaf and subject to care 24 hours a day.    Consistent with its usual practices, MPD sent Foote a guarantor application and requested financial information and income verification.    MPD further advised that each prospective tenant application would need to provide similar financial information.

As negotiations continued, and despite repeated requests, the required financial information was never submitted with the Defendant eventually receiving only the cryptic information attached hereto as Exhibit № 2.    As is the case with any similar applicant who is either unwilling or unable to provide the required financial information, MPD rejected the Plaintiff's guarantor application and proceeded to move forward with renting the 2 available units.

---

[1] Other entities include, without limitation, Honey Bee Financial, LLC as well as Bellus Real Estate Services and Management Corporation.

Contemporaneous with this, Foote, for the first time, admitted that the intended use of the Premises was as a boarding house for sober living.  There were no prospective tenant applications submitted to MPD and at no time did MPD come in contact with or communicate any prospective tenants.  At the time the Premises was purchased in June 2016, the Buyer's due diligence included a Zoning Certificate from Zoning Solutions, Inc (see Exhibit № 3). This Certificate states that the current use of the Premises as a 4-unit apartment building *"is grandfathered as a legally pre-existing non-conforming use."*

Ignoring the Plaintiff threats and bullying tactics, MPD moved forward and rented the 2 units in question.  As of this writing, all four unit are lease to tenants for a 12-month term.

## **ARGUMENT**

In order to prevail on motion to attach real estate, the Plaintiff must first identify an actual person or entity and that person or entity must own real estate.  This Plaintiff has failed to satisfy this most basic requirement.  Since there is no such entity as the above-captioned Defendant, there can be no real estate ownership and the first of many fatal flaws in the Plaintiff's quest for real estate attachment is revealed.  Under these instant circumstances, the Motion for a Real Estate Attachment is properly denied[2].

However, in the interest of avoiding any additional waste of judicial time and resources, MPD points out that even an amended Motion for Real Estate Attachment must fail

---

[2]  Even a Writ issued by the Court is of no value.

5

since MPD owns no real estate in Middlesex County or any other county for that matter. Once again, the only logical conclusion is to acknowledge that the Plaintiff's Motion, as amended, is moot, and is properly denied.

For the sake of completeness, particularly in the face of the Plaintiff's serious albeit meritless claims, the Defendant sets forth the following to clearly demonstrate that the Plaintiff has no likelihood of demonstrating the ability to obtain a judgment for this or any amended and/or subsequently filed motion for real estate attachment.

In Massachusetts, *"no property may be attached ...[unless there is] a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment."* M.R.Civ.P. 4.1(c)[3]. In this case, the Plaintiff have alleged violation of both Federal and State discrimination laws. Yet since the facts of this case show that no discrimination of any kind took place, there is no likelihood of the Plaintiff recovering a judgment.

Both the Plaintiff's Complaint and the facts set forth by MPD above point out that the only contact MPD had with the Plaintiff was either via the real estate brokers or directly with the Plaintiff's principal Hunter Foote. At no time did MPD have any contact with any individual claiming to be disabled. Moreover, it was only after repeated requests for required financial information were

---

[3] In light of the numerous fatal flaws in the Plaintiff's motion as set forth above, a discussion of available liability insurance has been rendered unnecessary.

ignored[4] and the decision by MPD had been made that the Plaintiff and/or Foote did not qualify financially that the exact nature of the disability of the intended residents and the intended use of the Premises was made know to MPD.    And this newly revealed use was in stark contrast to the intended use of individual tenants signing 12-month leases which were to have been guaranteed by the Plaintiff.    To make matters worse, the Plaintiffs true intended use would likely create an illegal use of the Premises in conflict with the City of Lowell Zoning ordinance since it would increase the non-conformity of the grandfathered legally pre-existing non-conforming use of the Premises. This only served to fortify MPD's decision and, ignoring the subsequent threating correspondence from the Plaintiff,[5]  MPD proceed to rent the available units at the Premises.  As of this writing, all four units at the Premises are occupied by tenants under a 12-month lease.

So in conclusion, if the merits of the Plaintiff's argument are ever reached in this or any subsequent motion, presumptive Defendant MPD stands accused of discriminating against Foote and the Plaintiff for refusing to go forward with a financially unqualified guarantor whose true intentions for the Premises, once they were finally revealed, involved a disability that MPD was unaware of and an intended use that would create an illegal use of the Premises.    This is not a sound recipe for acquiring a judgment in favor of the Plaintiff. .

## CONCLUSION

Since the Plaintiff has no likelihood of obtaining a favorable judgment because:

- the above-captioned Defendant does not exist and therefore can not and does not own real estare in any location;

- the presumptive Defendant MPD Properties LLC owns no real estate;

---

[4] Defendant does acknowledge the receipt of the documents attached as Exhibit № 2 which even the most inexperienced of readers can quickly determine to be useless.
[5]  Note MPD's response to this correspondence as set forth as Exhibit D to the Verified Complaint.

- MPD's refusal to move forward with an uncooperative and financially unqualified guarantor does not constitute discrimination; and

- the Plaintiff's true intended use, when finally shared with MPD would constitute an illegal use of the Premises;

presumptive Defendant MPD Properties LLC respectively requests that the Plaintiff's Motion for a Real Estate Attachment be denied.

Respectively Submitted,
Presumptive Defendant MPD Properties LLC
by its attorney,

Robert Finnegan
Attorney At Law
60 Leo Birmingham Parkway – 3rd Floor
Brighton, MA  02135
(617) 201-9331
BBO# 556661
e-mail:  rf @rfinnlaw.com

Date:  August 16, 2018

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                        WORCESTER SUPERIOR COURT
                                                     CIVIL ACTION № 1885-CV-01181 B

|                                          |    |
|------------------------------------------|----|
| VANDERBURGH HOUSE, LLC,                   | )  |
|          Plaintiff,                       | )  |
|                                          | )  |
| v.                                        | )  |
|                                          | )  |
| MPD PROPERTIES, LLC,                      | )  |
|          Defendant.                       | )  |

### CERTIFICATE OF SERVICE

I, Robert Finnegan, attorney for the presumptive Defendant MPD Properties LLC certify that on August 16, 2018, I served in hand, a copy of the attached Opposition upon counsel for the Plaintiffs as follows:

Andrew J. Tine, Esq. (BBO 633639)
18 Maple Avenue, # 267
Barrington, Rhode Island  02806
(401) 396-9002
atine@tine law.com

Robert Finnegan

# Exhibit № 1

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.
WORCESTER SUPERIOR COURT
CIVIL ACTION № 1885-CV-01181 B

VANDERBURGH HOUSE, LLC,
    Plaintiff,

v.

MPD PROPERTIES, LLC,
    Defendant.

### AFFIDAVIT OF MICHAEL SRAMOWICZ

I, the undersigned Michael Sramowicz, do hereby depose and state the following:

1. that I am a member of MPD Properties LLC;

2. that I participated in discussions with Hunter Foote about the possible rental of apartment units at 267-273 W. Sixth Street, Lowell, MA; and

3. that I have read the facts set forth in the Defendant's Opposition to Plaintiff's Motion For A Real Estate Attachment to which this affidavit is attached and find them to be true and accurate to the best of my information and belief.

Signed under the pains and penalties of perjury this 15th day of August 2018.

_____
Michael Sramowicz

# Exhibit № 2

Access No: NRT1659          Order No: 17991647

# NTN DecisionPoint Plus
INSTANT RESIDENT SELECTION SYSTEM

Screened For: NRT1659  -  Cbne - Tewksbury
25-May-2018

## Applicant Information

Na, Vanderburgh House          SSN                    Income  $70,000          Proposed Rent    $4,300
119 Forest                     DOB  01-Jan-2000       Months at Residence  220
Worcester, MA 01609                                   Months at Employment 0

## Rental Recommendation - Based on subscriber's employment, residency and applicant score acceptance criteria.

Rent to Income – Acceptable
Applicant has No Credit History
Not enough data to calculate score

## Analysis Results
Bureau Score = N/A (No credit on file)

| Rent to Income Multiple Exceeds Requirement | Time at Residence Exceeds Requirement | Time at Employment N/A | Applicant Score N/A |
|---|---|---|---|

Applicant Score based on analysis of tenant performance information, public records and credit report.

## Verification of Applicant Information

| | | |
|---|---|---|
| Applicant has credit report: | Not Confirmed | Meets (100-80) |
| Applicant social security number matches credit report: | N/A | |
| Applicant date of birth matches credit report: | N/A | |
| Applicant current address matches credit report: | N/A | |
| Applicant previous address matches credit report: | | Conditionally Meets (79-60) |
| Report of Credit Fraud found: | | |
| **Additional Addresses**   see NTN Tenant Performance Profile | | |
| **Additional Names (aliases)**   see NTN Tenant Performance Profile | | Does Not Meet (59-00) |
| Vanderburgh Hou Na | | |

## Alert Messages
No alerts on file

## Tenant Performance Information  see NTN Tenant Performance Profile
No Tenant Performance/Lease Violations

## Public Records  see NTN Tenant Performance Profile
No Match

## Custom Criteria Used in Calculating the Applicant Score
If unpaid utilities are present, treat as conditionally meets, ignore telephone utilities
Display both credit score and NTN DecisionPoint score
If applicant does not meet employment requirements, treat as conditionally meets
If applicant does not meet residency requirements, treat as conditionally meets
End of NTN DecisionPoint

Heather Newfield Igoe heather.igoe@NRMoves.com
5/26/18 8:42 PST

# NTN Tenant Performance Profile

Screened For: NRT1659 - Cbne - Tewksbury
25-May-2018

## Applicant Information

Na, Vanderburgh House
119 Forest
Worcester MA 01609

SSN
DOB  01-Jan-2000

## Additional Addresses

**Names Screened:** Na, Vanderburgh House*; Na, Vanderburgh

**Databases for Search:** Massachusetts; Southeastern Pennsylvania/New Jersey

## Landlord/Tenant Civil Court Filings

Important Notice to Users of Landlord/Tenant Civil Court Filings and Judgments - A record on file may not always represent a disposition adverse to the consumer. A Landlord/Tenant Civil Court Filing does not necessarily mean that the defendant was evicted from an apartment, found to owe rent or in violation of other lease provisions. Lawsuits may be filed in error or lack merit. These records very rarely contain SSN or date of birth information, which may make it impossible to be certain that the following filings involve your applicant. NTN recommends calling the plaintiff listed for more information. This information is provided pursuant to the NTN subscription agreement.

No landlord/tenant civil court filings found

## Tenant Performance/Lease Violations

No Tenant Performance/Lease Violations Found

## Use of Applicants SSN in Previous Screening

No Previous Use Found

## Landlord Identification

NTN suggests that this is the actual Property Owner for the address screened. NTN recommends that you contact them for a complete rental history on your applicant.

No Landlord Identification Found

Access No: NRT1659          Order No: 17991648

# OFAC Search

Screened For: NRT1659  -  CBNE - Tewksbury
25-May-2018

## Applicant Information

NA, Vanderburgh House
119 Forest
Worcester, MA 01609

SSN XXX-XX-0000
DOB 01-Jan-2000

NO RECORDS FOUND ON THIS SUBJECT

National Tenant Network ("NTN") obtained the Terrorist Report results as set forth above from a search of the Specially Designated Nationals ("SDN") database made accessible by the Federal Office of Foreign Asset Control ("OFAC"). Both OFAC AND NTN URGE YOU to independently verify all information contained in this Report prior to using/relying upon same, especially given that it is based upon limited identification information (e.g., name, birth date, etc.). Because of this, NTN cannot be absolutely certain that the results apply to the individual being searched. NTN also urges caution even when search results purport to produce an accurate match. To further verify a match, please contact OFAC at 202-622-2490. NTN accepts no responsibility whatsoever for errors and/or omissions in any Agency records.

Heather Newfield Igoe Heather.Igoe@NEMOV.com
5/26/18 8:42 PST

## NATIONAL TENANT NETWORK, INC.
### CERTIFICATION AND CONFIDENTIALITY AGREEMENT

RE: Prospective Tenant(s): _____ (hereinafter the "Prospective Tenant")
Property: _____ (hereinafter the "Property")

The purpose of this Certification and Confidentiality Agreement (hereinafter the "Agreement") is to enable the Landlord or, if applicable, the Landlord's Listing Agent, to access: (1) the Prospective Tenant's Rental Application, and (2) a Consumer Report regarding the Prospective Tenant, in connection with said Prospective Tenant's interest in leasing the Property. The Consumer Report was prepared by National Tenant Network, Inc. (hereinafter "NTN"), a national credit reporting service. The Prospective Tenant has identified you as a person who has a legitimate interest in accessing the Rental Application and NTN Consumer Report.

However, before NTN can provide electronic access to these documents or before the Coldwell Banker Sales Associate involved in the proposed transaction can provide you with a hard copy of these documents, you must acknowledge that you understand, and will abide by, legal requirements that apply to users of Consumer Reports under the Federal Fair Credit Reporting Act and applicable Privacy laws. Upon NTN's or the Coldwell Banker Sales Associate's receipt of this Agreement, completed and acknowledged by you, NTN and Coldwell Banker will be able to provide you with access to the Rental Application and NTN Consumer Report.

1. Place an "X" next to the statement in Section 1 that applies to you:
   [ ] I am the Owner/Landlord of the Property that is currently available to rent.
   [ ] I am the Listing Agent for the Owner/Landlord of the Property that is currently available to rent.
   [ ] I am the Tenant Agent for the Prospective Tenant who has applied to rent the Property.
2. I certify that I have a legitimate business need to obtain the NTN Consumer Report regarding the Prospective Tenant in connection with the tenant application screening process.
3. I acknowledge that the information contained in the NTN Consumer Report cannot be used for any purpose other than the tenant application screening process; and, consequently, I hereby certify that I will not use said information for any other purpose. If I am obtaining the NTN Consumer Report as the Landlord's Listing Agent then I hereby certify that I will not provide a copy of the NTN Consumer Report to the Landlord unless the Landlord first agrees to the terms set forth in this Agreement.
4. I certify that I will not disclose the NTN Consumer Report itself, nor any of the information set forth therein, to any third party.
5. I understand that if an owner/landlord: (1) declines a prospective tenant's rental application based in whole or in part on any of the information set forth in a Consumer Credit Report, including the NTN Consumer Report, or (2) imposes more onerous terms (e.g., only renting to a prospective tenant at an increased rent or with an increased security deposit in the maximum amount permitted by applicable state law, or with another party co-signing the lease, etc.) based in whole or in part on information contained in a Consumer Credit Report, then the owner/landlord must provide the prospective tenant with a written or electronic notice of the consumer's rights as required under the Fair Credit Reporting Act which is sometimes referred to as an Adverse Action Letter.

[___] By placing an "X" on the line at the beginning of this sentence, I hereby certify that I have read and understand the information set forth above.

In cases where a hard copy of the NTN Consumer Report is being provided to the Landlord or to the Landlord's Listing Agent, then this Agreement must be printed and signed by the Landlord and, if applicable, by the Landlord's Listing Agent.

_____
Landlord


_____
Landlord's Listing Agent (if applicable)

Additional Information Provided by NTN:
All users of Consumer Reports must comply with all applicable, current State and Federal laws and regulations. Information regarding same is attached hereto; and, can also be found at the Consumer Financial Protection Bureau's website (www.consumerfinance.gov/learnmore).

Application Processing
National Tenant Network, Inc.

## RENTAL APPLICATION

**IT IS EXPRESSLY UNDERSTOOD THAT THE OWNER WILL HAVE NO OBLIGATION TO RENT THE PROPERTY TO THE APPLICANT(S) UNLESS AND UNTIL A LEASE AGREEMENT IS SIGNED BY ALL THE PARTIES TO THE LEASE.**

Property Address you are applying for  267 West 6th street Lowell, MA

**EMPLOYMENT STATUS:** [■] EMPLOYED   [ ] UNEMPLOYED   [ ] RETIRED   [ ] STUDENT

**Applicant Information**
Name  Vanderburgh House NA          Date of Birth _____   Soc. Sec. No.  ***-**-0000
Are you a US citizen?  [■] YES   [ ] NO   US Work/Student Visa No. ____   Visa Expiration Date _____
Driver's License / State ID No. ***          State Issuing ID  MA   Exp. Date _____
Telephone  (608) 826-0749          Mobile Phone _____   E-mail Address  Hunterfoote@Gmail.com
Other names used the last 10 Years _____
Desired lease term  12 months          Desired Move-in Date  08/01/2018          Do you have a Cosigner?  [ ] YES   [ ] NO
How did you hear about us? _____
Who is your Real Estate Agent?  Heather Newfield Igoe

**Address History**                                                        [ ] RENT   [ ] OWN   [ ] OTHER
Current Address  119 Forest ST          City  Worcester   State  MA   Zip code 01609
Landlord Name _____          Landlord Tel. _____   Landlord Fax _____
Rent Amount  $0.00          Move In Date  01/01/2000
Reason for Leaving  N/A
Have you given notice that you are moving out?  [■] YES   [ ] NO
          If not, why? _____
Mortgage Company _____          Telephone _____
Address _____          City _____   State _____   Zip code _____

                                                                          [ ] RENT   [ ] OWN   [ ] OTHER
Prior Address  119 Forest ST          City  Worcester   State  MA   Zip code 01609
Rental Community Name _____          Landlord Name _____
Landlord Tel. _____          Landlord Fax _____
Rent Amount  $0.00          Move In Date _____          Move Out Date _____
Reason for Leaving _____

                                                                          [ ] RENT   [ ] OWN   [ ] OTHER
Prior Address _____          City _____   State _____   Zip code _____
Rental Community Name _____          Landlord Name _____
Landlord Tel. _____          Landlord Fax _____
Rent Amount _____          Move In Date _____          Move Out Date _____
Reason for Leaving _____

                                                                          [ ] RENT   [ ] OWN   [ ] OTHER
Prior Address _____          City _____   State _____   Zip code _____
Rental Community Name _____          Landlord Name _____
Landlord Tel. _____          Landlord Fax _____
Rent Amount _____          Move In Date _____          Move Out Date _____
Reason for Leaving _____

**Co-Applicants**
Name                                        Email Address

**Co-Occupants**
Name                                        Date of Birth

Page | 1

## RENTAL APPLICATION

Underline__Employment History__

☐ CURRENT  ☐ PRIOR  ☐ FULL TIME  ☐ PART TIME

Company Name _____ Manager _____ Phone _____ Fax _____
Street Address _____ City _____ State _____ Zip Code _____
Position _____ Monthly Pay _____ Start Date _____ End Date _____
Reason for Leaving _____

☐ CURRENT  ☐ PRIOR  ☐ FULL TIME  ☐ PART TIME

Company Name _____ Manager _____ Phone _____ Fax _____
Street Address _____ City _____ State _____ Zip Code _____
Position _____ Monthly Pay _____ Start Date _____ End Date _____
Reason for Leaving _____

☐ CURRENT  ☐ PRIOR  ☐ FULL TIME  ☐ PART TIME

Company Name _____ Manager _____ Phone _____ Fax _____
Street Address _____ City _____ State _____ Zip Code _____
Position _____ Monthly Pay _____ Start Date _____ End Date _____
Reason for Leaving _____

__Additional Monthly Income__
Alimony/Spousal Support Income $ 0.00          Child Support $ 0.00          Unstated Monthly Income $ 70000.00

__Bank Information__
Bank Name _Hometown Bank_     Branch _Auburn_     Telephone_____ City _Auburn_     State _MA_
Account Type _Checking_     Account No. _*********7688_     Current Balance _$80,000.00_  Average Balance _$60,000.00_

Bank Name _____ Branch _____ Telephone_____ City_____ State ____
Account Type _____ Account No. _____ Current Balance _____ Average Balance _____

Bank Name _____ Branch _____ Telephone_____ City_____ State ____
Account Type _____ Account No. _____ Current Balance _____ Average Balance _____

__Vehicle Information__
Make _N/A_     Model _N/A_     Year _____ State _____ Plate No. _____
Vehicle Type _____ Color _N/A_     Payment Amount _$0.00_

Make _____ Model _____ Year _____ State _____ Plate No. _____
Vehicle Type _____ Color _____ Payment Amount_____

Make _____ Model _____ Year _____ State _____ Plate No. _____
Vehicle Type _____ Color _____ Payment Amount_____

Make _____ Model _____ Year _____ State _____ Plate No. _____
Vehicle Type _____ Color _____ Payment Amount_____

Make _____ Model _____ Year _____ State _____ Plate No. _____
Vehicle Type _____ Color _____ Payment Amount_____

__Emergency Contacts__
Name _Hunter Foote_
Telephone _(508) 826-0749_     E-mail Address _Hunterfoote@Gmail.com_
Address _119 Forest Street_     City _Worcester_     State _MA_   Zip code_01609_
Contact has permission to enter your rental property in case of death or other emergency? ☑ YES  ☐ NO

Name _____
Telephone _____ E-mail Address _____
Address _____ City _____ State _____ Zip code _____
Contact has permission to enter your rental property in case of death or other emergency? ☐ YES  ☐ NO

Name _____
Telephone _____ E-mail Address _____
Address _____ City _____ State _____ Zip code _____
Contact has permission to enter your rental property in case of death or other emergency? ☐ YES  ☐ NO

Page | 2

# RENTAL APPLICATION

**References**

| Name | Address | Email Address | Contact Tel. |
|------|---------|---------------|--------------|
| Hunter Foote | | Hunterfoote@Gmail.com | (508) 828-0749 |
| Dawna Foote | | AP@BellusRE.com | (413) 245-0949 |

**Pet Details**

Name _____ Type _____ Breed _____ Age _____
Weight _____ Sex _____ Spayed / Neutered _____ Rabies Vaccination _____

Name _____ Type _____ Breed _____ Age _____
Weight _____ Sex _____ Spayed / Neutered _____ Rabies Vaccination _____

Name _____ Type _____ Breed _____ Age _____
Weight _____ Sex _____ Spayed / Neutered _____ Rabies Vaccination _____

Name _____ Type _____ Breed _____ Age _____
Weight _____ Sex _____ Spayed / Neutered _____ Rabies Vaccination _____

**Contingencies to Lease**

## RENTAL APPLICATION

Personal History

I have / do (select all that apply)

- [ ] I have a prior eviction
  - If so, what was the date?: _____
- [ ] I have received an eviction notice
- [ ] I have been sued for unlawful detainer
- [ ] I have received a no cause eviction
- [ ] I have declared Chapter 7 Bankruptcy
  - If so, what was the discharge date?: _____
- [ ] I have declared Chapter 13 Bankruptcy
  - If so, what was the discharge date?: _____
- [ ] I currently have past due accounts
- [ ] I have/had a Judgment
- [ ] I have/had a Tax Lien
- [ ] I currently have open collections
- [ ] I have paid collections
- [ ] I have refused to pay rent
- [ ] I have been sued for rent
- [ ] I have paid rent late
- [ ] I have been sued for property damage
- [ ] I have moved out before the end of my lease without permission
- [ ] I have been convicted of a crime

Provide details on any of the items selected:

This application is for a corporate lease, where the corporate tenant executes a lease for both units in 267 West 6th street, and in turn provides housing for disabled individuals who live in a group setting, provided for and offered under M.G.L. c. 40A, Section 3. The proposed lessee has an established track record and strong financials.

We would like to schedule an appointment to see the property at your convenience.

For more information, please contact me directly at HunterFoote@Gmail.com.

RENTAL APPLICATION

Special Provisions

> THE REAL ESTATE BROKERAGE FIRM CHARGES A NON-REFUNDABLE FEE OF TWENTY-FIVE DOLLARS ($25.00) PER APPLICANT, A PORTION OF WHICH IS USED TO PAY NATIONAL TENANT NETWORK'S ("NTN") FEE AND THE REMAINDER OF WHICH IS RETAINED BY THE REAL ESTATE BROKERAGE FIRM. THIS FEE, WHICH MUST BE PAID AT THE TIME THAT A RENTAL APPLICATION IS SUBMITTED BY AN APPLICANT, IS SEPARATE AND APART FROM ANY REAL ESTATE BROKERAGE COMMISSION THAT AN APPLICANT MAY HAVE OTHERWISE AGREED TO PAY TO THE BROKER(S).

Authorization to NTN

State and Federal Fair Housing Laws prohibit discrimination based on various protected class statuses, which include, but are not necessarily limited to, race, religion, color, national origin, gender, sexual orientation, age, ancestry, marital status, veterans status, familial status, lawful source of income and disability. NTN requests Date of Birth information solely for the purpose of verifying identity in connection with search(es) that it may perform; and, a prospective Landlord will not considered same for any other purpose.

Applicant warrants and represents that all of the information contained herein is true and accurate. Applicant expressly understands and agrees that his/her Landlord shall have the right to terminate any Lease agreement that may be entered into by and between Landlord and Applicant (assuming that Landlord accepts Applicant as a Tenant) if any information contained herein is false, incomplete and/or misleading.

In order for both NTN and a prospective Landlord to process your Rental Application, they each must first receive your written consent to conduct certain searches and run specific Reports. And, by completing this Rental Application and signing below, you are hereby providing your written consent for same to proceed, as is required by the Fair Credit Reporting Act.

More specifically, in accordance with the foregoing, and as a specific condition precedent to NTN processing my Rental Application, I hereby consent to have NTN run various searches/Reports on me, which shall include a TransUnion Credit Report, NTN DecisionPoint Plus Report, NTN Tenant Performance Profile Report and Office of Foreign Assets Control ("OFAC") Search Report; and, only if I am applying for a rental via a Coldwell Banker listing or tenant agent affiliated with a Coldwell Banker sales office located in Delaware, Pennsylvania or Southern New Jersey, I further grant NTN the authority to perform on me, a: (1) multi-state criminal background search, and (2) sex offender search if/when same is NOT in violation of Megan's Law N.J.S.A. 2C: 7-6.

Finally, I also consent to NTN providing a copy of my NTN DecisionPoint Plus Report, NTN Tenant Performance Profile Report and OFAC Search Report (and, only if I am applying for a rental via a Coldwell Banker listing or tenant agent affiliated with a Coldwell Banker sales office located in Delaware, Pennsylvania or Southern New Jersey, my Multi-State Criminal Background Report and Sex Offender Report, if applicable) to a prospective Landlord and his/her respective Listing Agent in connection with the rental property that I apply for.

I have read, understand and consent to the above; and, I authorize Coldwell Banker to charge my credit card $ 25.0000

Applicant's Signature _Vanderburgh House  NA_____    Date_05/25/2018 00:00_____

IP Address: 68.118.225.61  Sec. Key: BA8B4DE5-1325-4A21-B06E-2691A720C37F

# Exhibit № 3



**Zoning Solutions, Inc.**
436 Washington Street - P.O. Box 850270, Braintree, MA 02185
781-848-0040 - FAX 781-388-4136

# ZONING CERTIFICATE

**Date:  June 14, 2016**

This certificate was compiled from public records obtained and reviewed by Zoning Solutions, Inc. regarding the zoning requirements and limitations for this property.

**Subject Property:**

267 – 273 West Sixth Street, Lowell, MA

**Zoning District:**

Traditional Neighborhood Multi-Family (TMF) District

See attached zoning map & index

**Permitted Uses:**

Multifamily dwellings 4-6 units requires planning board approval
Multifamily 7+ units is not permitted by right.

The existing apartment building is grandfathered as a legally pre-existing non-conforming use.

Assessor records indicate the building is used as a 4-8 unit apartment building.

Dimensional/ Open Space Requirements: See Article V Dimensional Requirements

Other relevant records attached:

1. Use Table;
2. Dimensional table;
3. Zoning map and map index
4. Parking Table
5. Assessor record

    This Zoning Certificate is not a title insurance product or a legal zoning opinion, but a limited representation to the zoning district and permitted uses therein for the property according to the provisions of the City of Lowell public records as amended through June 14, 2016. Zoning Solutions, Inc. has relied upon the authenticity and accuracy of the representations and documentation provided to Zoning Solutions, Inc. by representatives at Lowell City Hall in making this certification.

    If this certificate raises zoning issues not clearly explained by the enclosed documentation, please contact the undersigned immediately.

Zoning Solutions, Inc.
By:

David B. Lane, Attorney at Law

Enclosures